# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM THOMAS MYERS, CDCR #E-18846,<br><br>                               Plaintiff,<br>vs.<br>U.S. MARSHALS SERVICE,<br><br>                               Defendant. | Civil No.   10cv2662 JAH (JMA)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

## I.
### PROCEDURAL HISTORY

On December 23, 2010, Plaintiff, William Thomas Myers, an inmate currently incarcerated at Calipatria State Prison located in Calipatria, California, filed a civil rights action pursuant to 42 U.S.C. § 1983. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 4].

On February 15, 2011, this Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed the Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). *See* Feb. 15, 2011 Order at 5-6. Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* Plaintiff filed a motion for extension of time to amend his Complaint and he also

filed a Notice of Appeal to the Ninth Circuit Court of Appeals. Plaintiff then filed his First Amended Complaint ("FAC"). On July 7, 2011, the Ninth Circuit Court of Appeals dismissed his appeal for lack of jurisdiction [ECF No. 16]. Plaintiff has now also filed a "Motion for Case Status Update." The Court grants Plaintiff's request to the extent that the Court issues the following Order dismissing Plaintiff's action, once again, for failing to state a claim.

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a pro se civil rights complaint, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th

Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

### A. Bivens Action

Once again, Plaintiff has filed this action pursuant to 42 U.S.C. § 1983 but he names only a Federal actor as a Defendant. Accordingly, the Court will consider Plaintiff's claims to arise under *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971). *Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

*Bivens* provides that "federal courts have the inherent authority to award damages against federal officials to compensate plaintiffs for violations of their constitutional rights." *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000). However, a *Bivens* action may only be brought against the responsible federal official in his or her individual capacity. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). *Bivens* does not authorize a suit against the government or its agencies for monetary relief. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988); *Daly-Murphy*, 837 F.2d at 355.

### B. Access to Courts claim

Plaintiff alleges that his access to the courts has been denied because the United States Marshals Service ("USMS") has failed to properly serve Defendants in a separate action that Plaintiff has filed. *See Myers v. Small, et al.*, S.D. Cal. Civil Case No. 08cv1810 JAH (WMc). Prisoners do "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). In *Bounds*, 430 U.S. at 817, the Supreme Court held that "the fundamental constitutional right

of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).

Here, however, Plaintiff cannot show the required "actual injury" because his action filed as *Myers v. Small, et al.*, S.D. Cal. Civil Case No. 08cv1810 JAH (WMc) is still pending and has not been dismissed. As the Court previously informed Plaintiff, any issues regarding service with the USMS should be addressed in that matter rather than filing a separate action. Accordingly, the Court finds that Plaintiff has failed to allege facts sufficient to state an access to courts claim.

### III.

#### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1) Plaintiff's Motion for Case Status [ECF No. 17] is **GRANTED**.

2) Plaintiff's First Amended Complaint [ECF No. 15] is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b). Because Plaintiff has been provided an opportunity to correct the deficiencies of pleading, but still has failed to sufficiently state a claim, the Court finds further amendment would be futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308

1  (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

3) **IT IS FURTHER CERTIFIED** that an IFP appeal from this final order of dismissal would not appear to be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: August 19, 2011

_____
JOHN A. HOUSTON
United States District Judge